**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-7688**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY LEE VANCE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (CR-94-22)

---

Submitted:  January 13, 2005          Decided:  January 20, 2005

---

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Ricky Lee Vance, Appellant Pro Se. Steven Randall Ramseyer, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ricky Lee Vance seeks to appeal the district court's order dismissing his motion to reduce sentence under Fed. R. Crim. P. 35(a), which the district court construed as a successive motion filed under 28 U.S.C. § 2255 (2000).[*] An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Vance has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]Because the district court correctly construed Vance's motion as a successive § 2255 motion, we consider Vance's appeal as a civil action. We note that, because a Fed. R. Crim. P. 35 motion is part of the criminal case, Vance's notice of appeal would be untimely to appeal the denial of a Rule 35 motion under Fed. R. App. P. 4(b).

materials before the court and argument would not aid the decisional process.

DISMISSED